# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY<br><br>  Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., BEST BUY STORES, L.P.; and DOES 1 - 20, Inclusive,<br><br>  Defendants. | Case No.: 5:20-cv-01598 DOC(KKx)<br>Assigned to: Hon. David O. Carter<br>Courtroom: 9D<br><br>Magistrate Judge: Hon. Kenly Kiya Kato<br>Location: Riverside, Third Floor<br>Courtroom: 3 or 4<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:            6-30-2020<br>Complaint Removed:      8-10-2020<br>Trial:                              9-21-2021<br>Final Pretrial Conference: 9-13-2021 |

**1.   PURPOSES AND LIMITATIONS**

Defendants believe discovery in this action is likely to involve the production and discovery of confidential, proprietary, and/or private information for which Defendants believe special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation, may be warranted. Therefore, Plaintiff is agreeable to cooperate with Defendant to submit a proposed Stipulated Protective Order to the Court in an effort to alleviate

Defendants concerns and to facilitate discovery.

The parties acknowledge, agree, and stipulate, this Protective Order does not apply to the Court or Court personnel who are subject only to the Court's internal procedures for handling material filed or lodged, including material filed or lodged under seal, and does not govern the use of material marked as Confidential Material at trial.  In addition, the parties acknowledge, agree and stipulate, this Protective Order does not in any way authorize or encourage a party to disobey a lawful Court Order and/or subpoena in another action.

The parties hereby stipulate and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protection to all disclosures or responses to discovery, and the protection it affords from public disclosure and use, extends only to the limited information or items entitled to confidential treatment under the law.  The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle a party to file confidential information under seal, and acknowledge Civil Local Rule 79-5 and other Rules and Orders of this Court, sets forth the mandatory procedures and standards applied when a party seeks permission from the Court to file material under seal.

## 2.   GOOD CAUSE STATEMENT

Defendants believe this action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than in this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may

be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information a party believes the party is entitled to keep confidential, and to ensure the parties are permitted to reasonable, ecessary use of such material in preparation for trial, to address handling of confidential material at the end of the litigation, Defendants believe a protective order is justified in this matter.  It is the intent of the parties information will not be designated as confidential for tactical reasons and such designation will be made only upon a good faith belief the material has been and will be maintained in a confidential, non-public manner, and good cause why the information should not be part of the public record in this case.

**3.   DEFINITIONS**

   3.1   Action: this pending federal lawsuit, Case No.: 5:20-cv-01598 DOC(KKx).

   3.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

   3.3   "CONFIDENTIAL" Information or Items: information, regardless of how it is generated, stored or maintained, or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in Sections 1 and 2.

   3.4   Counsel: counsel of record and house counsel and their support staff.

   3.5   Designating Party: a Party or Non-Party that designates information or items it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

   3.6   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained, including, among other things, testimony, transcripts, and tangible things, that are

produced or generated in disclosures or responses to discovery in this matter.

3.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8    House Counsel: attorneys who are employees of a party to this Action.  House counsel does not include counsel of record or any other outside counsel.

3.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.10   Counsel of Record: attorneys of record in this case who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of a party or are affiliated with a law firm which has appeared on behalf of a party, including counsel of record's support staff.

3.11   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record and their support staffs

3.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.13   Professional Vendors: persons or entities that provide litigation support services, e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and their employees and subcontractors.

3.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

\ \

## 4. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material, as defined above, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## 5. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6. DESIGNATING PROTECTED MATERIAL

6.1     Exercise of restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those portions of material, documents, items, or oral or written communications qualified for which protection and not unjustifiably designate material as Confidential within the scope of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or made for an improper purpose, such as to unnecessarily encumber the case development process or to

impose unnecessary expenses and burdens on other parties, may subject the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that have been designated for protection, but do not qualify for protection, the Designating Party shall promptly notify all Parties it is withdrawing the designation as Confidential.

6.2     Manner and Timing of Designations.  Except as otherwise provided in this Order, including section 6.2(a) below, or as otherwise stipulated or ordered, Disclosure or Discovery Material qualified for protection under this Order shall be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form, including paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings, the Producing Party shall affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL") to each page which contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party shall clearly identify the protected portion(s), by making appropriate, clear marking in the margins.

A Party or Non-Party who makes original documents or materials available for inspection need not designate those documents or materials for protection until after the inspecting Party has indicated which documents or materials it wants copied and produced.  During inspection and before the designation, all of the material made available for inspection and deemed "CONFIDENTIAL" shall be identified by designating party.  After the inspecting Party has identified the documents or materials it wants made available for copying and production, the Producing Party must determine which documents, or portions thereof, it believes qualify for protection under this Order.  The foregoing procedure does not apply to or include documents or materials protected from disclosure by privilege,

1 including but not limited to, the attorney client privilege or work product doctrine.

2 Before producing documents or materials a party deems Confidential, the Producing Party shall affix the "CONFIDENTIAL" legend or term, to each page which contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party has the burden, responsibility and duty to clearly identify only those portions protected and identify those portions in the margin.

(b) for testimony given in deposition, the Designating Party shall identify the Disclosure or Discovery Material on the record, before the close of the deposition, the Party believes is protected testimony.

(c) for information produced in some form other than documents or other tangible material, the Producing Party shall affix in a prominent place, on the exterior of the item, including any and all containers, the mark or legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party shall identify the portion or potions protected.

6.3 Inadvertent Failures to Designate. Any inadvertent failure to promptly designate qualified information or items as Confidential does not waive the Designating Party's right to secure protection under this Order for protected material. Upon timely identification, designation and Notice from the Designating Party, the Receiving Party or persons must make reasonable efforts to assure the material now designated, is handled in accordance with the provisions of this Order.

7. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time consistent with the Court's Scheduling Order.

7.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq., and all applicable Rules and

Orders.

7.3    The burden of persuasion in any challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose including to harass or impose unnecessary expenses and burdens on other parties, may subject the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to handle the material in question with the level of protection to which it is entitled under the Producing Party's designation until the Court issues decision on the challenge by conference and/or Court Order.

## 8.    ACCESS TO AND USE OF PROTECTED MATERIAL

8.1    Basic Principles.  A Receiving Party may use Protected Material is disclosed or produced by another Party or by a Non-Party in connection with this Action only for purposes of this case, including but not limited to prosecuting, defending, and/or attempting to settle this Action.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner which ensuring access is limited to the persons authorized under this Order.

8.2 Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information, documents, materials or things designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's counsel and staff;

(b)    the officers, directors, and employees, including house counsel of Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts of the Receiving Party in this Action to whom disclosure is

8
**STIPULATED PROTECTIVE ORDER**
250861095v.2

reasonably necessary for this Action and who have been informed of and/or signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A;

  (d) the court and its personnel;

  (e) court reporters and their staff;

  (f) agents of counsel of record including professional jury or trial consultants, mock jurors, and vendors to whom disclosure is reasonably necessary for this Action and who have been informed of and/or signed the Exhibit A;

  (g) the author or recipient of a document containing the information or a custodian of that document or documents and/or data who otherwise already possessed or knew the information;

  (h) witnesses, and attorneys for witnesses, including deponents, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests and the witness signs the form attached as Exhibit A; and (2) the witnesses and attorneys for the witnesses, will not be permitted to retain copies of any confidential information unless the witness or attorney sign Exhibit A, or are permitted by Court Order.  Pages of transcribed deposition testimony or exhibits to depositions which include Protected Material may be separately bound by the court reporter and available only to those permitted under this Stipulated Protective Order; and

  (i) any mediator or settlement officer and their personnel mutually agreed upon by all parties engaged in settlement discussions.

**9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

  If a Party is served with a subpoena or a court order issued in another case or proceeding, and disclosure of Confidential material is sought and/or compelled, the Party served must:

  (a) promptly notify, in writing, all parties to this Action including the

Designating Party. The written notice shall include a copy of the subpoena or Court Order;

(b)   promptly notify, in writing, the party who caused the subpoena or order to be issued, that some or all of the material sought by the subpoena or Order, is subject to this Protective Order, and include a copy of this Stipulated Protective Order; and

(c)   cooperate in all reasonable efforts and procedures sought by Designating Party related to the subpoena, Order and this Stipulated Order.

If the Designating Party timely objects to the subpoena or timely seeks a protective order, the Party served with the subpoena or Court Order agrees to not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or Order was issued, unless the Party has obtained the written permission of Designating Party. The Designating Party shall bear the burden and expense of seeking protection of the Court of its Confidential material, and nothing in this Stipulated Protective Order is intended to be, and shall not be, construed as authorizing or encouraging a Receiving Party in this Action to disobey any laws or Court Order.

**10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action reasonably designated as "CONFIDENTIAL." Information produced by Non-Parties in connection with this litigation is protected by the procedures and remedies provided within this Order. Nothing in this Stipulated Protective order is intended to be, and shall not be, construed to prohibit a Non-Party from seeking additional protection.

(b)   If a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with a Party or Non-Party to not produce the Party or Non-Party's

confidential information, the responding Party shall:

(1) promptly notify, in writing, the Party, Requesting Party and Non-Party some or all of the information requested is subject to this Stipulated Protective Order;

(2) promptly provide the Party, Requesting Party and Non-Party with a copy of this Stipulated Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, except for information marked "Confidential".  Upon written agreement of the Party, Requesting Party and Non-Party, information marked "Confidential" may be disclosed.

(c) If a Non-Party does not to seek a protective order from this Court within 14 days of receiving the above-described Notice and accompanying information, the information marked Confidential may be produced, subject to the terms of the Stipulated Protective Order.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control which is subject to this Subject Protective Order without Court Order authorizing disclosure.  The Non-Party shall bear the burden and all costs to seek a Court Order permitting the release of the information sought which is marked Confidential, unless otherwise ordered or authorized by statute.

**11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party is aware and/or is notified it has disclosed Protected Material by inadvertence or otherwise, to any person not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Exhibit A.

**12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When Notice is given to any Party, including Requesting and Receiving Parties, that protected material has been produced, all Parties, including Requesting and Receiving Parties, are subject to the obligations and procedures set forth in this Stipulated Protective Order, all Orders of this Court, the Federal Rule of Civil Procedure 26(b)(5)(B) and statutes. This provision is not intended to modify any procedure which may be established in an e-discovery order which provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective Order submitted to the Court.

**13. MISCELLANEOUS**

13.1 Right to Further Relief. Nothing in this Order prohibits the right of any person to seek modification of this Oder from the Court.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise has to object to disclosing or producing information or items on a basis not addressed in this Stipulated Protective Order. Similarly, no Party waives any objection to the use of material subject to this Order, as evidence.

13.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with all applicable Orders, procedures and statutes, including Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court Order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 14. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party and person subject to this Order, must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written notice certifying to the Producing Party and, if not the same person or entity, to the Designating Party, within 60 days that (1) affirms all the Protected Material was returned or destroyed, and (2) affirms no confidential information or material has been retained including no copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

\ \

\ \

\ \

work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 entitled, DURATION.

Any violation of this Order may be punished by any and all available remedies including, without limitation, contempt proceedings and/or monetary sanctions.

**SO STIPULATED BY AND THROUGH COUNSEL OF RECORD IN THIS ACTION.**

Dated: March 5, 2021                    **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: /s/Valeria Granata
B. Otis Felder
Valeria Granata
Attorneys for Defendant SAMSUNG ELECTRONICS AMERICA, INC. and BEST BUY STORES, L.P

Dated: March 4, 2021                    **WATKINS & LETOFSKY, LLP**

By: /S/ Kari Probst
Brian S. Letofsky, Esq.
Kari L. Probst, Esq
Attorneys for Plaintiff STATE FARM GENERAL INSURANCE COMPANY

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: March 8, 2021

HON. KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

14
**STIPULATED PROTECTIVE ORDER**
250861095v.2

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of State Farm General Insurance Company v. Samsung Electronics America, Inc., Case No.: 5:20-cv-01598 DOC(KKx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and contempt. I promise I will not disclose in any manner any information or item subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint myself and/or _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____